IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SALIF DIA,                                               :
                 Petitioner                :
       v.                                          : Case No. 3:25-cv-534-KAP
IMMIGRATION CUSTOMS                 :
ENFORCEMENT and LEONARD ODDO, :
WARDEN, MOSHANNON VALLEY          :
PROCESSING CENTER,                      :
              Respondents              :

Report and Recommendation

Recommendation

      Salif Dia signed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241(c)(3) that was allegedly prepared by a next friend ("CW") and filed in the Eastern District of Pennsylvania on October 27, 2025. That court transferred the matter here as the proper venue on December 18, 2025. After screening the petition, I recommend that the petition be dismissed without service. *See* 28 U.S.C.§ 2243 and Rule 4 of the Rules Governing Section 28 U.S.C.§ 2254 Cases in the United States District Courts (Habeas Rules), applicable to Section 2241 petitions through Habeas Rule 1(b).

      I am submitting this as a Report and Recommendation because preservice dismissal is appropriate.

Report

      It is alleged that the Bureau of Immigration and Customs Enforcement is detaining Dia at the Moshannon Valley Processing Center. Dia's ghostwriter alleges in conclusory fashion that this detention is wrongful because Dia had been detained for approximately a month as of the filing of the petition, that there "**is**" (my emphasis) a significant likelihood of Dia's removal in the foreseeable future, and that Dia has administrative remedies that he had not exhausted before filing his petition. Petition ¶ 6 and ¶ 8 on page 2, ¶ 8 on page 3.  Petitioner claims to be entitled to release under Zadvydas v. Davis, 533 U.S. 678 (2001) or a bond hearing due to "prolonged" detention.

      Although 28 U.S.C.§ 1654 allows Dia to appear in federal courts as a petitioner *pro se*, and courts turn a blind eye to the problem of ghostwriting where it is not obvious or prejudicial to anyone's legal rights, this petition is openly proclaimed to be a ghostwritten one by someone not a member of the bar of this court. Federal courts generally look down on ghostwritten petitions for the reason exemplified in this petition. A habeas petition

seeks a summary equitable remedy, and a habeas petitioner is not like the usual civil litigant filing a complaint and is then entitled to the relatively leisurely process of searching for facts to support them that ends in a trial or other proceeding to determine whether there is sufficient evidence to support the claim. *See* Bracy v. Gramley, 520 U.S. 899, 904 (1997); *see also* Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999)("Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence."

By contrast, Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rule 2) requires the petitioner to set forth all the claims he intends to present **and the facts that support those claims**. *See* Mayle v. Felix, 545 U.S. 644, 655 (2005) (quoting with approval the Advisory Committee's Note on Habeas Corpus Rule 4, that "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)). Here, the petition not only fails to set forth facts justifying a writ, the petition sets forth reasons why a claim under Zadvydas v. Davis, 533 U.S. 678 (2001) cannot succeed and why Dia has not been in "prolonged" detention. The dismissal of this matter should be without prejudice to Dia filing an adequate petition when and if appropriate.

Pursuant to 28 U.S.C.§ 636(b)(1), Dia can within fourteen days file written objections to my recommendation. In the absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted.  See EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE:  January 7, 2026                   _____

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to petitioner and proposed next friend